UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH THORPE and JOHN CLARK
WILLIAMS, III,

    Plaintiffs,

v.                                      Case No:   6:17-cv-1162-Orl-18TBS

BJ'S RESTAURANTS, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Motion to Compel Plaintiffs' Full Compliance with Initial Disclosure Requirements Pursuant to Rule 26 (Doc. 20). Plaintiffs have filed a response to the motion which is ripe for decision (Doc. 24).

Plaintiffs are the children of John Clark Williams, M.D. (Doc. 3, ¶ 16-17). They allege that their father was a customer in Defendant's restaurant when he was struck by a door that was opened by one of Defendant's employees (Id., ¶ 13). The blow allegedly knocked Dr. Williams to the floor causing injuries which led to his demise (Id., ¶¶ 12-13). Count I of Plaintiffs' complaint alleges negligence for which they seek damages for, among other things, their father's mental anguish, inconvenience, and loss of the capacity for the enjoyment of life (Id., ¶ 1-21). Count II is an action for wrongful death in which Plaintiffs seek damages for their own mental pain and suffering, and the loss of parental instruction and guidance (Id., ¶¶ 22-25). In this Order, the Court will refer to the foregoing damages collectively as the "intangible damages." In their amended FED. R. CIV. P. 26(a)(1) disclosures, Plaintiffs state that for all intangible damages, they seek amounts to

be determined by the jury (Doc. 20 at 23-24).

Defendant contends that Rule 26(a)(1)(A)(iii) requires Plaintiffs to disclose estimates of their intangible damages, and the method(s) by which Plaintiffs calculate those damages (Doc. 20 at 3). Alternatively, Defendant seeks an order precluding Plaintiffs from suggesting to the jury, any amounts or formulas for calculating the intangible damages (Id., at 4-5). Plaintiffs represent that at this early stage of the case, they have not decided whether they will suggest to the jury dollar amounts or formulas for calculating the intangible damages (Doc. 24 at 2). Plaintiffs represent that these decisions are typically made late in the case, after the close of discovery, and sometimes, during trial (Id., at 4).

Subject to certain exceptions, none of which apply here, Rule 26(a)(1)(A)(iii) requires that parties, "without awaiting a discovery request, provide to the other parties: a computation of each category of damages claimed by the disclosing party …." Our district courts are not in agreement when it comes to the application of this rule to intangible damages. Courts which strictly apply the rule require plaintiffs to provide a calculation of their intangible damages as part of their Rule 26(a) disclosures. See LeBlanc v. Unifund CCR Partners, No. 8:06-cv-1216-T-TBM, 2007 WL 2446900, at *1 (M.D. Fla. Aug. 23, 2007); Dixon v. Bankhead, No. 4:00CV344-WS, 2000 WL 33175440, at *1 (N.D. Fla. Dec. 20, 2000).

Other courts have excused plaintiffs from the requirement of Rule 26(a)(1)(A)(iii). See Creswell v. HCAL Corp., No. 04cv388 BTM (RBB), 2007 WL 628036 (S.D. Cal. Feb. 12, 2007); Gray v. Fla. Dept. of Juvenile Justice, No. 3:06-cv-990-J-20MCR, 2007 WL 295514, at *2 (M.D. Fla. Jan. 30, 2007). Some of these courts rely on dicta found in decisions by the Fifth Circuit: "Since compensatory damages for emotional distress are

necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."[1] Williams v. Trader Pub. Co., 218 F.3d 481,486-487 n.3 (5th Cir. 2000); Georgia S. & Fla. Ry. Co. v. Perry, 326 F.2d 921, 926 (5th Cir. 1964) ("There is no such restriction in the measure of damage for mental pain and suffering. There is no exact yardstick by which recovery is to be measured and the solving of the difficulty in determining the amount of the award is left to the discretion of the jury ….").

Courts which do not require plaintiffs to include their estimated intangible damages in their Rule 26 disclosures also do so based on the plaintiff's assurance that she will not suggest a specific dollar amount to the jury. See E.E.O.C. v. Wal-Mart Stores, Inc., No. CV-10-338-RMP, 276 F.R.D. 637, 639 (E.D. Wash. Sept. 21, 2011); Sandoval v. Am. Bldg. Maint. Indus., Inc., 267 F.R.D. 257, 282 (D. Minn. Oct. 23, 2007); Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. Feb. 4, 2005).

This Court agrees with those other courts which find that the initial disclosure of intangible damages should not be necessary when the plaintiff is not going to present an amount or formula for computation during the trial. But, that is not what the rule says. "The initial disclosure requirements added by the 1993 amendments [to Rule 26] permitted local rules directing that disclosure would not be required or altering its operation." FED. R. CIV. P. 26 Advisory Committee's Note to 2000 Amendment. "In its final report to Congress on the CJRA experience, the Judicial Conference recommended reexamination of the need for national uniformity, particularly in regard to initial

---

[1] Rule 26(a)(1)(C) was the precursor to Rule 26(a)(1)(A).

disclosure." Id. The intent of the 2000 Amendment to Rule 26(a)(1) was "to establish a nationally uniform practice." Id.

Today, Rule 26(a)(1)(A)(iii) unequivocally requires plaintiffs to furnish in their initial disclosures, "the computation of each category of" their damages, including intangible damages. This means that if a defendant insists, a plaintiff is required to provide a good faith estimate of her intangible damages, from her perspective, based upon the information reasonably available to her at the time. Although perhaps not easy to do, this result is not unreasonable. A plaintiff who seeks intangible damages should be able to provide a good faith estimate of those damages from her perspective. Dixon, 2000 WL 33175440, at *1. If her estimate later changes, then the plaintiff has a duty to supplement or correct her disclosure. FED. R. CIV. P. 26(e)(1). The provision of this information to the defendant should eliminate surprise and assist the defendant in preparing for settlement negotiations, mediation, and trial. LeBlanc, 2007 WL 2446900, at *1.

For these reasons, the motion to compel (Doc. 20) is **GRANTED**. Plaintiffs have 14 days from the rendition of this Order within to disclose to Defendant, their good faith estimates of the intangible damages. If Plaintiffs' estimates change during the progress of the case, they shall supplement their disclosures by providing new good faith estimates to Defendant.

**DONE** and **ORDERED** in Orlando, Florida on October 20, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record